UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No.:

03-61342
CIV-SEITZ
MAGISTRATE JUDGE BANDSTRA

CHRIS BARCLAY,

Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
a foreign corporation,

Defendant.

FILED BY ___ D.C.
03 JUL 10 PM 4:47
CLERK U.S. DIST. CT. S.D. OF FLA.

---

**NOTICE OF REMOVAL**

Defendant HOME DEPOT U.S.A., INC. (hereinafter referred to as "Defendant HOME DEPOT"), pursuant to Sections 1441 and 1332 of Title 28 of the United States Code, gives notice of removal of the foregoing case currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Broward Division ("Notice"). The grounds for removal are as follows:

**Introduction**

1. Removal of this action is based upon diversity jurisdiction pursuant to Sections 1332 and 1441 of Title 28 of the United States Code. Defendant HOME DEPOT seeks removal to the Southern District of Florida, the district in which the action is now pending.

2. This action was commenced in June 5, 2003 by the filing of Plaintiff's Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida styled *Chris Barclay v. Home Depot U.S.A., Inc.*, Case Number 03-9892 CA 8 ("State Court proceeding"). Defendant HOME DEPOT was served with the Complaint on June 10, 2003.

1/82

3. The Complaint seeks damages as a result of personal injuries following an October 23, 2000 incident at a store operated by Defendant HOME DEPOT, whereby Plaintiff was allegedly struck on the head and back by a falling potted tree located on Defendant's premises. *See* Complaint, ¶¶ 6, 7.

4. The Complaint alleges that Plaintiff CHRIS BARCLAY was a resident of Broward County at all times material. Complaint, ¶ 2; *See also* Affidavit of Andrea Fisher ("Fisher Affidavit"), ¶ 7, attached hereto as Exhibit "A" and incorporated herein as part of this Notice.[1]

5. Defendant HOME DEPOT is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in the State of Georgia. *See* Fisher Affidavit, ¶¶ 4-5.

6. On May 23, 2003, Plaintiff delivered a letter to Defendant HOME DEPOT indicating that Plaintiff incurred (as of the date of the letter) costs for medical treatment in the amount of $130,771.98 and that this amount continued to accrue. A copy of the letter is attached hereto as Exhibit "B."

7. Defendant HOME DEPOT files this Notice within thirty (30) days of receipt of the initial pleading.

8. A copy of the Notice is provided to Plaintiff's counsel and filed with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida concurrently with this filing, pursuant to Section 1446(d) of Title 28 of the United States Code.

9. In accordance with Section 1446(a) of Title 28 of the United States Code, copies of all process, pleadings and other papers or exhibits served on Defendant HOME DEPOT in the State Court proceeding. Copies of all papers are attached hereto as Composite Exhibit "C".

---

[1] A facsimile copy of Ms. Fisher's Affidavit is attached to avoid delay. The original executed Affidavit will be filed upon receipt.

10. No previous application for relief sought herein has been made to this Court or any other court.

**Argument and Memorandum of Law**

**I. The District Court has original jurisdiction over this action because Defendant is not a citizen or resident of Florida.**

This action may be removed to this Court by Defendant HOME DEPOT pursuant to Section 1441 of Title 28 of the United States Code, which states in pertinent part:

> (b) Any civil action of which the district courts have original jurisdiction founded on the claim or right arising under the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

28 U.S.C. § 1441(b) (2003).

Pursuant to Section 1332(c) of Title 28 of the United States Code, a corporation is the "citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."[2] 28 U.S.C. §1332(c)(1) (2003).

Plaintiff and Defendant HOME DEPOT are citizens of different states—complete diversity exists. Plaintiff resided in the State of Florida, specifically Broward County, Florida at all relevant times. Complaint, ¶ 2; *See also* Fisher Affidavit, ¶ 7.[3] It follows that Plaintiff is a citizen of the State of Florida under Section 1441, Title 28 of the United States Code.

---

[2] There is an exception for insurance companies, where "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1), *supra*.

[3] In determining whether diversity of citizenship exists, a court is to review the facts presented not only in the Complaint, but also in the entire record. *Davis v. Cluet, Peabody & Co.*, 667 F. 2d 1371, 1373 n.6 (11th Cir. 1982) (citing *Villareal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1979); *Lauderdale Tower Associates v. First Nat'l Bank of Chicago*, 439 F. Supp. 195, 196 (S.D. Fla. 1977).



MURRAY, MARIN & HERMAN, P.A., ATTORNEYS AT LAW
DOUGLAS CENTRE, SUITE 711, 2600 DOUGLAS ROAD, MIAMI, FLORIDA 33134· TELEPHONE (305) 441-1180

Defendant HOME DEPOT is not, and was not at the time that this action was commenced, a citizen of the State of Florida. *See* Fisher Affidavit, ¶ 6. Defendant HOME DEPOT was a company incorporated under the laws of the State of Delaware. It remains incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See* Fisher Affidavit, ¶¶ 4-5. Therefore, Defendant HOME DEPOT is deemed a citizen of the States of Delaware and Georgia for purposes of Title 28, *supra*.

Accordingly, this Court has original jurisdiction over this action under Section 1441, Title 28 of the United States Code.

**II. The District Court has jurisdiction because the amount in controversy falls within this Court's original jurisdictional limits.**

Jurisdiction of this action by this Court falls within the original jurisdictional limitations set by Section 1332 of Title 28 of the United States Code, which provides in pertinent part:

> (a) The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between--
>
> (1) citizens of different states;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (2003).

*Plaintiff's Complaint*

In the case *sub judice*, the allegations in the Complaint provide a basis to show that the "amount in controversy" requirement is met (i.e., that Plaintiff is seeking damages in excess of $75,000.00). Specifically, as a result of the alleged actions of Defendant HOME DEPOT,



MURRAY, MARIN & HERMAN, P.A., ATTORNEYS AT LAW
DOUGLAS CENTRE, SUITE 711, 2600 DOUGLAS ROAD, MIAMI, FLORIDA 33134· TELEPHONE (305) 441-1180

Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future." *See* Complaint, ¶ 8.

The amount in controversy is not measured by the low end of an open-ended claim, but instead by a reasonable reading of the value of the rights being litigated. *See Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla. 1986) (although the complaint only alleged the state court jurisdictional minimum, a fair reading of the complaint placed defendant on notice that the amount in damages claimed exceeded federal jurisdictional minimum.) "[I]f a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist." *See Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985). Otherwise, any plaintiff could avoid federal court by simply pleading damages "in excess of $15,000," as the Plaintiff attempts to do in this case.

Further, courts have routinely found that where litigants like Plaintiff here seek compensatory damages in the form of loss of earnings, loss of ability to earn money, loss of capacity for the enjoyment of life, and pain and suffering, the damages are sufficient to establish the jurisdictional amount for a diversity action under a reasonable reading of the complaint. *Id.*, *See also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982).

*Plaintiff's Medical Bills*

Although a simple reading of the Complaint in this case provides the Court with sufficient basis to determine its jurisdiction over this case is proper, the Court is not limited to the facts as alleged in the Complaint. Both the Eleventh Circuit and the Fifth Circuit have made it clear that a federal court considering a petition for removal is *not* limited to reviewing the

allegations in the Complaint. *See Davis, supra*, at 1373; *Villareal, supra,* at 1221. District Courts in the Eleventh Circuit routinely have gone beyond the allegations contained in the complaint to determine whether the jurisdictional amount set forth in Section 1332(a) has been met. *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987); *Estevez-Gonzalez, supra*, at 129; *Baker, supra,* at 245-47.

This case exceeds the $75,000.00 jurisdictional threshold of this Court as evidenced by the letter submitted by the Plaintiff reflecting a claim for damages in an amount in excess of $130,771.98. *See* Exhibit "B." The amount of damages claimed by Plaintiff in the letter to Defendant clearly shows that the "amount in controversy" is well in excess of the jurisdictional amount of $75,000.00, exclusive of interest and costs.

Plaintiff's assertions of claims for a multitude of compensatory damages on the face of the Complaint coupled with Plaintiff's letter showing damages of $130,771.98 as of May 23, 2003 (this amount continues to accrue), put in controversy an amount in excess of the statutory amount required for diversity jurisdiction. Hence, this action is removable in its entirety, to this Court pursuant to Sections 1441 and 1332 of Title 28 of the United States Code.

**Conclusion**

For the foregoing reasons, removal of this cause to the United States District Court for the Southern District of Florida, Broward Division is proper based upon 28 USC §§ 1441 and 1332. Complete diversity of citizenship exists between the parties and the amount in controversy is in excess of the $75,000.00 jurisdictional threshold of this Court. Therefore, original jurisdiction of this matter is vested in this Court, and Defendant HOME DEPOT respectfully requests that this action proceed in this Court as an action properly removed pursuant to Sections 1441 and 1332 of Title 28 of the United States Code.



MURRAY, MARIN & HERMAN, P.A., ATTORNEYS AT LAW
DOUGLAS CENTRE, SUITE 711, 2600 DOUGLAS ROAD, MIAMI, FLORIDA 33134· TELEPHONE (305) 441-1180

WHEREFORE, Defendant HOME DEPOT USA, INC., prays for removal of the above styled cause now pending in the Seventeenth Judicial Circuit in and for Broward County, Florida.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. mail this 10th day of July, 2003 to: Kenneth A. Cutler, Esq., Goldman, Daskal, Cutler, Bolton & Kirby, 1630 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

**MURRAY, MARIN & HERMAN, P.A.**
Attorneys for Defendant
Douglas Centre, Suite 711
2600 Douglas Road
Miami, FL 33134-6149
Tel: (305) 441-1180
Fax: (305) 441-1801

By ______________________
**DAVID P. HERMAN**
Fla. Bar. No. 841031

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No.:

CHRIS BARCLAY,

Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
a foreign corporation,

Defendant.

---

**DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF**

Defendant HOME DEPOT U.S.A., INC. (hereinafter referred to as "Defendant"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests Plaintiff CHRIS BARCLAY (hereinafter referred to as "Plaintiff") to admit or deny the following requests in accordance with the Federal Rules of Civil Procedure.

**REQUESTS TO BE ADMITTED OR DENIED**

1. Admit that Plaintiff is seeking damages against Defendant in this case in excess of $75,000.00.

2. Admit that on October 23, 2000, Plaintiff was a resident of Broward County, Florida.

3. Admit that on October 23, 2000, Plaintiff was a citizen of the State of Florida.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. mail this 10th day of July, 2003 to: Kenneth A. Cutler, Esq., Goldman, Daskal, Cutler, Bolton & Kirby, 1630 West Hillsboro Boulevard, Deerfield Beach, Florida 33442.

**MURRAY, MARIN & HERMAN, P.A.**
Attorneys for Defendant
Douglas Centre, Suite 711
2600 Douglas Road
Miami, FL 33134-6149
Tel: (305) 441-1180
Fax: (305) 441-1801

By ______________________ (for)
**DAVID P. HERMAN**
Fla. Bar. No. 841031

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

Case No.:

CHRIS BARCLAY,

Plaintiff,

v.

HOME DEPOT U.S.A., INC.,
a foreign corporation,

Defendant.

---

**AFFIDAVIT IN SUPPORT OF NOTICE OF REMOVAL**

STATE OF GEORGIA )
)
COUNTY OF COBB )

BEFORE ME, the undersigned authority, personally appeared Andrea Fisher, who after being duly sworn, deposes and says:

1. I, Andrea Fisher, am over 21 years of age, *sui juris*, and am otherwise competent to make this Affidavit.

2. I make this Affidavit based upon my own personal knowledge.

3. I am a Litigation Paralegal of Home Depot U.S.A., Inc. and am authorized to make this Affidavit on behalf of Home Depot U.S.A., Inc.

4. Home Depot U.S.A., Inc. was incorporated in 1989 under the laws of the State of Delaware with its home office and principal place of business in the State of Georgia.

5. Moreover, Home Depot U.S.A., Inc. at the commencement of this action, and continuing to the present, has remained a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Georgia.

CASE NO.:

6. Home Depot U.S.A., Inc. has never been a corporation organized under the laws of the State of Florida. Its principal place of business has never been nor is it now in the State of Florida.

7. Upon good faith belief and knowledge, Plaintiff, Chris Barclay, is a resident of the State of Florida. Records of Plaintiff provided pre-suit indicate Plaintiff's residential address is in Broward County, Florida.

FURTHER AFFIANT SAYETH NAUGHT.

By: Andrea Fisher
Andrea Fisher
Litigation Paralegal
Home Depot U.S.A., Inc.

SWORN TO AND SUBSCRIBED before me this 10th day of July, 2003.

NOTARY PUBLIC

Kelly Kepes
Printed name of notary

Notary Public, Fulton County, Georgia
My Commission Expires Aug. 12, 2006
Commission No.

# EXHIBIT B

GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY

*Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

May 23, 2003

Sedgwick Claims Services
Attn: Sean G. Batiste, Adjuster
Post Office Box 105166
Atlanta, Georgia 30348-5166

| | | |
|---|---|---|
| **RE:** | **INSURED:** | **THE HOME DEPOT U.S.A., INC.** |
| | **DATE OF LOSS:** | **10-23-00** |
| | **CLAIM NUMBER:** | **13277-45** |
| | **OUR CLIENT:** | **CHRIS BARCLAY** |

Dear Mr. Batiste:

Enclosed herewith please find the following with respect to the above named client:

1. ***Bethesda Memorial Hospital:*** Medical records for services rendered 2/17/03 to 2/22/03.

**Medical bills to date total approximately $130,771.98.**

We will continue to forward copies of all bills and reports as they are received in this office.

Thank you for your cooperation with respect to this matter.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:mkf
Enclosures
cc: Client

*1630 West Hillsboro Boulevard • Deerfield Beach, Florida 33442 • Phone (954) 428-9333 • Fax (954) 428-9338*
*Boynton Beach (561) 737-7220 • Fort Lauderdale (954) 767-4600*

# EXHIBIT C

| | |
|---|---|
| CHRIS BARCLAY, | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: |
| -vs- | JUDGE: 0309892 |
| THE HOME DEPOT U.S.A., INC., a foreign Corporation | Florida Bar No.: 558310 |
| Defendant. | |

08

**PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES TO DEFENDANT THE HOME DEPOT U.S.A., INC.**

**COMES NOW**, the Plaintiff, CHRIS BARCLAY, by and through his undersigned counsel, and gives Notice of propounding the attached twenty-one (21) Interrogatories on Defendant, THE HOME DEPOT U.S.A., INC., to be answered by Defendant, under oath, within forty-five (45) days in accordance with the applicable Florida Rules of Civil Procedure.

**I HEREBY CERTIFY** that the original and a true and correct copy of the foregoing Interrogatories, and a copy of this Notice, have been served on Defendant along with the Complaint and Summons.

GOLDMAN, DASZKAL, CUTLER
BOLTON & KIRBY
*Attorneys for Plaintiff*
1630 W. Hillsboro Blvd.
Deerfield Beach, FL 33442-1657
(954) 428-9333 Phone
(954) 428-9338 Fax

By: ______________________
KENNETH A. CUTLER, ESQUIRE

G:\CUTLER\Barclay\DISCOVERY\RDGS.wpd

## GENERAL PERSONAL INJURY NEGLIGENCE INTERROGATORIES TO DEFENDANT

**(IN ANSWERING THESE INTERROGATORIES, IF ANSWERING FOR ANOTHER PERSON OR ENTITY ANSWER WITH RESPECT TO THAT PERSON OR ENTITY, UNLESS OTHERWISE STATED.)**

1. What is the name and address of the person answering these Interrogatories, and if other than the party to which they are directed, the proper legal name and address of that party and your official position or relationship with that party?

2. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies: the name of the insurer, the policy number, the effective dates of the policy, the available limits of liability and medical payment benefits, and the name and address of the custodian of the policy.

   Name of insurer ______________________________

   Policy number ______________________________

   Limits of liability ______________________________

   Limits of medical payments coverage ______________________________

   Custodian of policy (name & address) ______________________________

   ______________________________

3. Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

4. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which you rely for each affirmative defense in your Answer.

6. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so , state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

<u>Name/Address</u> <u>Legal Basis</u> <u>Facts</u> <u>Notified</u>

7. Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea, or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity that prepared the report and do you have a copy of it; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

Yes ______________ No ______________

8. List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and specify the subject matter about which the witness has knowledge.

<u>Name</u> <u>Address</u> <u>Subject Matter</u>

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of the statement.

Yes ____________ No ____________

As to Person Making Statement:
Name: Address

As to Person Who Heard Statement:
Name: Address

Substance of statement:

10. State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape or photograph pertaining to any fact or issue involved in this controversy, and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Name/Address Description Date

11. Do you intend to call any expert witnesses at the trial of this case? If so, as to each such witness please identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he or she is expected to testify; state the substance of the facts and opinions to which he or she is expected to testify, and give a summary of the grounds for each opinion.

Yes ____________ No ____________

Name and Address: ________________________________________
________________________________________________

Qualifications: ________________________________________
________________________________________________

Subject matter: ________________________________________
________________________________________________
________________________________________________

Substance of facts and opinions: ____________________________
________________________________________________
________________________________________________

Summary of the grounds of each opinion: ______________________
________________________________________________
________________________________________________

12. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

Yes ____________ No ____________

Terms of the agreement: ________________________________
________________________________________________
________________________________________________
________________________________________________
________________________________________________

13. Do you, your agents, employees or attorneys, have any photographs depicting the condition of the store area where the incident complained of occurred? If so, indicate how many you have and where they are located.

Yes ____________ No ____________

How many? ________________________________________

Located at: ________________________________________

________________________________________

________________________________________

14. For the potted trees in the store front where the incident of **10-23-00** occurred, did you alter or otherwise change the appearance of the area? If so, how has that area been changed in appearance?

Yes ____________ No ____________

How changed: ________________________________________

________________________________________

________________________________________

15. Have you ever been sued or had a claim or demand made against you for a tree falling on someone? If so, list the style of each such lawsuit, the case number, the county/circuit of each such lawsuit or the details, including names, addresses or telephone numbers of the persons involved in such incidents.

Style of lawsuit Case number County/circuit

Name Address Telephone Number

16. Does the Defendant have a practice or routine of preparing incident reports when someone is injured on its premises? If so, describe that practice or routine.

Yes ____________ No ____________

Description of Practice: ________________________________________________
________________________________________________
________________________________________________

17. Has anyone ever been hit by a falling tree at your store at any time before the incident **10-23-00**? If so, list the date of each such incident, the name and address of the person that was hit.

Yes ____________ No ____________

<u>Name and Address</u> <u>Date</u>

18. For the incident sued upon in the Complaint, did anyone prepare an incident report or other report setting forth any statements made by any Plaintiff, setting forth any names of witnesses, or setting forth any fact related to that incident? If so, state the name and address of the person who prepared each such report, the date of preparation, and the name and address of the record custodian of that report.

Yes ____________ No ____________

<u>Name and Address</u> <u>Date</u> <u>Record Custodian</u>

19. State the names and addresses of all employees that were present when the incident occurred and indicate their current position with the store.

20. After the incident occurred, did the Defendant change any of its policies, routines, or procedures regarding the sale of potted trees outside the store? If so, state what those changes were and whether the changes were reduced to writing?

BY:____________________________

STATE OF )
) ss.
COUNTY OF )

____________________________, being duly sworn, deposes and says that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge, information and belief.

**SWORN TO AND SUBSCRIBED** before me on the ________ day of ______________________, 2003.

______________________________
NOTARY PUBLIC

| | |
|---|---|
| CHRIS BARCLAY,<br><br>Plaintiff,<br><br>-vs-<br><br>THE HOME DEPOT U.S.A., INC.,<br>a foreign Corporation<br><br>Defendant.<br>/ | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA<br><br>CASE NO.: 0309892<br>JUDGE:<br><br>Florida Bar No.: 558310<br><br>08 |

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, THE HOME DEPOT U.S.A., INC**

Plaintiff, CHRIS BARCLAY, by and through the undersigned attorney, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby request the Defendant, THE HOME DEPOT U.S.A., INC, to produce the following for inspection and/or copying within and in support thereof, would show that the requested items are within the scope of discovery as set forth in Rule 1.280(b) and that the material requested is in the possession, custody and control of the party to whom the request is directed, and that such items are necessary for the Plaintiffs to properly prepare his/her case:

**(Definition: "incident" refers to the fall sustained by Plaintiff on 10-23-00.)**

1. Regarding the incident described in the Complaint, any and all titles, rental agreements, lease agreements, or other papers regarding any legal or equitable interest in the premises described in the Complaint. (Do not produce these documents if you admit ownership, maintenance, possession or control of the subject area in your answer to the Complaint.)

2. Any and all statements, whether written, taped, stenographically recorded or videotaped from the Plaintiff.

3. Any and all incident reports, or other papers describing this incident in the possession, custody, or control of this or these Defendant(s), their agents, or attorneys (each lettered paragraph requires a separate response):

a. Reflecting statements made by Plaintiff;
b. That was or were prepared in the ordinary course of any Defendant(s)' business(es);
c. That was prepared within one (1) month of the date of the incident described in the Complaint;
d. That was prepared within six (6) months of the date of the incident described in the Complaint; and
e. That was prepared up to the time of filing of this lawsuit.

Plaintiff does not seek work product herein. If the Defendant asserts such a privilege to this request please provide a separate Privilege Log hereto.

4. Any and all incident reports, or other papers describing any similar incident at that premises in the possession, custody, or control of this or these Defendant(s), their agents, or attorneys that was prepared within the three (3) years before the date of the incident described in the Complaint.

Plaintiff does not seek work product herein. If the Defendant asserts such a privilege to this request please provide a separate Privilege Log hereto.

5. Any and all of your licenses to do business as of the date of this incident described in the Complaint.

6. Any and all of your fictitious name affidavits showing the name or name of the entity that does business at the premises where the incident described in the Complaint allegedly occurred.

7. For any and all insurance policies, including liability, excess, umbrella, and the like, the declaration page or face sheet showing the dollar limits of coverage to any and all policy or policies of insurance that cover or that may cover damages sustained by Plaintiff in the incident described in the Complaint. If there is no declaration page or face sheet, the entire policy for any and all policies.

8. Copies of any and all sweep sheets, maintenance records, or other documents detailing the times that the area of the incident was maintained within the 24 hours prior to the incident herein.

9. Copies of the time cards for all employees working at the store at the time of the incident.

10. Any and all maintenance manuals, employee guidelines, or other documentation provided to employees detailing the requirements for maintenance, safety, and the securement of the potted trees for sale outside on the day of the incident on the premises in question.

11. Any an all photographs taken of the area where the incident occurred;

A. On the day of the incident; or

B. At any other time before or after the incident took place.

Plaintiff does NOT have the substantial equivalent of these photographs and would be prejudiced if they are available but not produced.

The undersigned requests that the foregoing items be produced at the office of GOLDMAN, DASZKAL. CUTLER, BOLTON & KIRBY, 1630 West Hillsboro Blvd., Deerfield Beach, Florida 33442, within forty-five (45) days of the date same is served upon Defendant.

**I HEREBY CERTIFY** that a copy of this Request for Production was served with the Summons and Complaint.

GOLDMAN, DASZKAL. CUTLER, BOLTON & KIRBY
Attorneys for Plaintiff
1630 West Hillsboro Blvd.
Deerfield Beach, Florida 33442
(954) 428-9333
(954) 428-9838 - fax

By: ____________________
KENNETH A. CUTLER, ESQUIRE

F

| | | |
|---|---|---|
| CHRIS BARCLAY, | : | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff. | : | |
| -vs- | : | CASE NO.: |
| | : | JUDGE: 0309892 |
| THE HOME DEPOT U.S.A., INC., a foreign Corporation | : | |
| | : | Florida Bar No.: 558310 |
| Defendant. | : / | |

08

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, THE HOME DEPOT USA, INC.**

Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff requests Defendant to admit in writing the truth of the matters set forth below on or by the forty-fifth (45) day after service of this Request for Admissions. (Under the Rule, a party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information **known or readily obtainable** by that party is insufficient to enable the party to admit or deny.)

1. That the entity named as the Defendant in the Complaint herein is a properly named.

2. You were the owner of the property involved in the incident on October 23, 2000. involving the Plaintiff herein.

3. You were responsible for the maintenance of the property involved in the incident on October 23, 2000. involving the Plaintiff herein.

4. You were in control of the premises involved in the incident on October 23, 2000, involving the Plaintiff herein.

5. You were responsible for maintenance of the potted trees involved in the incident on October 23. 2000. involving the Plaintiff herein.

6. Jurisdiction as alleged in the Complaint is proper.

7. Your neglect in maintaining the potted trees caused the injuries sustained by the Plaintiff herein.

8. The Plaintiff was not negligent in causing his injuries herein.

9. You have no knowledge, at all, of any negligent acts by the Plaintiff which:

   a. Caused the accident herein; or

   b. Contributed to the accident herein.

10. You were the sole cause of the accident herein.

11. The Plaintiff was injured directly as a result of your negligence.

12. There are no third parties responsible for any of the injuries sustained by the Plaintiff herein.

13. You have no knowledge at all of the involvement of any third parties in the incident herein.

14. The Plaintiff was a business invitee upon your premises on October 23, 2000.

15. That you failed to provide a safe place for the Plaintiff by allowing a hazardous condition to remain on premises.

16. That you knew or should have known of a dangerous and unsafe condition that existed on your property on the date of the incident herein.

17. That you failed to remove an unsafe condition that existed on your property on the date of the incident herein.

18. That you failed to warn the Plaintiff of a known dangerous and unsafe condition on the date of the incident herein.

19. That you failed to properly establish or perform maintenance procedures on the date

of the incident herein that would have prevented the Plaintiff from being injured.

20. That as a result of your negligence the Plaintiff was caused to sustain serious bodily injury and additional damages on the date of the incident in question.

21. That there were no maintenance procedures in effect to secure the potted trees on the property which is the subject of this lawsuit on October 23, 2000.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Plaintiff's Summons and Complaint.

GOLDMAN, DASZKAL, CUTLER,
BOLTON & KIRBY
Attorneys for Plaintiff
1630 W. Hillsboro Blvd.
Deerfield Beach, FL 33442-1657
(954) 428-9333 Phone
(954) 428-9368 Fax

By: ______________________
KENNETH A. CUTLER, ESQUIRE

58

| | | |
|---|---|---|
| CHRIS BARCLAY, | : | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | : | 0309892 |
| -vs- | : | CASE NO.: |
| | : | JUDGE: |
| THE HOME DEPOT U.S.A., INC., a foreign Corporation | : | Florida Bar No.: 558310 |
| Defendant. | : | |

A TRUE COPY

## COMPLAINT

Plaintiff, CHRIS BARCLAY, by and through his undersigned counsel sues the Defendant THE HOME DEPOT U.S.A., INC., a foreign corporation, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars, exclusive of fees and costs.

2. That during all times material to this action, the Plaintiff, CHRIS BARCLAY was an individual residing in Broward County, Florida and is otherwise sui juris.

3. That the Defendant, THE HOME DEPOT U.S.A., INC. at all times material hereto is a foreign corporation, licensed to and in fact conducting business in Broward County Florida.

4. That on or around October 23, 2000, the Defendant owned, possessed, operated, maintained, and/or controlled the premises located at or near 15885 Pointe West Drive, Davie, Broward County, Florida.

5. That on or around October 23, 2000, the Plaintiff was on said property lawfully as a business invitee.

6. That on or around October 23, 2000, the Defendant negligently failed to provide a safe place for its invitees as follows:

   (a) Failing to adequately and properly secure large potted trees located outside the Plaintiff's property; or

   (b) Failing to maintain potted trees located outside the Defendant's store in such a fashion that would prevent them from falling in the event of inclement or windy weather; or to put them in a place that would keep invitees safe in the event that the

trees fell; or

(c) Failing to warn of dangers presented by unsecured trees when they knew or should have known of their dangerous defective condition; or

7. That as a result of the aforementioned negligent acts on or about October 23, 2000, the Plaintiff was shopping at the Defendant's store when a potted tree, kept outside for sales purposes, fell over onto the Plaintiff, striking him on the head and back.

8. That as a result of the Defendant's negligence, Plaintiff, CHRIS BARCLAY suffered severe bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. The losses are either permanent or continuing in nature, and the Plaintiff, CHRIS BARCLAY, will suffer the losses into the future as a result thereof.

WHEREFORE, for all of the above the Plaintiff, CHRIS BARCLAY, demands judgment and damages against the Defendant, THE HOME DEPOT U.S.A., INC. in excess of the minimum jurisdictional limits of this Court, together with interest, costs, and further demands trial by jury of all issues triable as of right by jury.

Date: June 5th, 2003

GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
Attorneys for Plaintiff
1630 West Hillsboro Blvd.
Deerfield Beach, Florida 33442
(954) 428-9333
(954) 428-9338 - fax

By: ______________________
KENNETH A. CUTLER, ESQUIRE

305297

| | |
|---|---|
| CHRIS BARCLAY, Plaintiff, | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA 08 |
| -vs- | CASE NO.: 0309892 JUDGE: |
| THE HOME DEPOT U.S.A., INC., a foreign Corporation Defendant. | Florida Bar No.: 558310 |

SERVED
Date 4/10/03 Time 8:32 AM
Brian L. Gerhardt 566
Printed Name & Number
Is A Sheriff Appointed Process Server In Good Standing in Broward Co.

## SUMMONS

THE STATE OF FLORIDA

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint, Request for Admissions, Request to Produce, Interrogatories, and Notice of taking Deposition to Defendant in this action on:

By Serving: **The Home Depot USA, Inc.**
CT Corporation System
1200 S. Pine Island Rd.
Plantation, FL 33324

Each Defendant is required to serve written defenses to the Complaint on **KENNETH A. CUTLER, ESQUIRE**, Plaintiff's attorney, whose address is **1630 West Hillsboro Boulevard, Deerfield Beach, FL 33442,** within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

JUN 0 5 2003

DATED THIS _____ day of June, 2003.

CLERK OF CIRCUIT COURT

VALERIE FORD

By: ____________________
Deputy Clerk

A TRUE COPY

| | |
|---|---|
| CHRIS BARCLAY,<br><br>Plaintiff.<br><br>-vs-<br><br>THE HOME DEPOT U.S.A., INC.,<br>a foreign Corporation<br><br>Defendant. | IN THE CIRCUIT COURT OF THE<br>17TH JUDICIAL CIRCUIT IN AND FOR<br>BROWARD COUNTY, FLORIDA<br><br>CASE NO.: 0309892 08<br>JUDGE:<br><br>Florida Bar No.: 558310 |

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION

**PLEASE TAKE NOTICE** that the Plaintiff in the above styled cause will take the deposition by oral examination of:

**DEPONENT:** Person With Most Knowledge at The Home Depot USA, Inc.

**DATE:** Wednesday, August 6, 2003

**TIME:** 10:00 a.m.

**PLACE:** Esquire Deposition Services
1630 W. Hillsboro Boulevard
Deerfield Beach, Florida 33442

Said deposition will be taken before Esquire Deposition Services or any officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day or until completed. This deposition is being taken for the purpose of discovery, for the use at trial, or for such other purposes as are permitted under the applicable statutes or Rules of Court.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the Summons and Complaint.

GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
Attorneys for Plaintiff
1630 West Hillsboro Boulevard
Deerfield Beach, Florida 33442
(954)428-9353; (954)428-9338- fax

By: ______________________
KENNETH A. CUTLER, ESQUIRE

G:\CUTLER\Barclay\PLEADINGS\DEPO.pwmk.wpd

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the informatioi tained herein neither replace nor supplement the and service of pleadings or other papers as requirec by law, except as provided by local rules of cou.. This form, approved by the Judicial Conference ot ..e United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CHRIS BARCLAY

**03-61342**

**CIV-SEITZ**

**MAGISTRATE JUDGE BANDSTRA**

0:03cv61342-Seitz

**DEFENDANTS**
HOME DEPOT U.S.A., INC.

(b) County of Residence of First Listed Plaintiff Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth A. Cutler, Esq.
GOLDMAN, DASZKAL, CUTLER BOLTON & KIRBY
1630 W. Hillsboro Blvd.
Deerfield Beach, FL 33442 (954) 428-9333

Attorneys (If Known)
David P. Herman, Esq.
MURRAY, MARIN & HERMAN, P.A.
2600 Douglas Road, Suite 711
Miami, FL 33134 (305) 441-1180

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government ~~Defendant~~
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Broward FR

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The removal is based upon diversity jurisdiction pursuant to Section 1332 Title 18 of the United States Code.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE July 10, 2003 SIGNATURE OF ATTORNEY OF RECORD Ana Maria Marin for DAVID P. HERMAN

FOR OFFICE USE ONLY

RECEIPT # 528525 AMOUNT 150.00 APPLYING IFP JUDGE MAG. JUDGE